JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Shahla Mazdeh

**(b)** County of Residence of First Listed Plaintiff  **Delaware**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Pro se
230 E. Leamy Ave.
Springfield, PA 19064

## DEFENDANTS

School District of Philadelphia, Foundations, Inc., Philadelphia Federation of Teachers

County of Residence of First Listed Defendant  **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities – Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §2000, et seq.

Brief description of cause:
Employment discrimination based on gender and/or national origi

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE                          DOCKET NUMBER

DATE  **11/10/2008**

SIGNATURE OF ATTORNEY OF RECORD  Pro se
Shahla Mazdeh

### FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

### Designation Form Continued Page
#### List of Defendants

**SCHOOL DISTRICT OF PHILADELPHIA**
*440 N. Broad Street*
*Philadelphia, PA 19140*

**FOUNDATIONS, INC.**
*Moorestown West Corporate Center*
*2 Executive Drive, Suite 1*
*Moorestown, NJ 08057*

**PHILADELPHIA FEDERATION OF TEACHERS**
*1816 Chestnut Street*
*Philadelphia, PA 19103*

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Shahla Mazdeh | : | CIVIL ACTION |
| v. | : | |
| School District of Philadelphia, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (X)

| | | |
|---|---|---|
| 11/10/2008 | Shahla Mazdeh | |
| Date | Attorney-at-law  Pro Se | Attorney for |
| 610 357 8479 | | smaz184@yahoo.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Shahla Mazdeh, 230 E. Leamy Ave., Springfield, PA 19064

Address of Defendant: See attached list.

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes ☐  No ☐

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____ Pro Se , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/10/2008   *Shahla Mazdeh* Attorney-at-Law Pro Se   N/A Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/10/2008   *Shahla Mazdeh* Attorney-at-Law Pro Se   N/A Attorney I.D.#

CIV. 609 (6/08)

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| *SHAHLA MAZDEH* | : | |
| *230 East Leamy Avenue* | | |
| *Springfield, PA  19064* | : | *CIVIL ACTION* |
| *Plaintiff* | | |
| | : | |
| *v.* | | |
| | : | *No.* |
| *SCHOOL DISTRICT OF PHILADELPHIA* | | |
| *440 N. Broad Street* | : | |
| *Philadelphia, PA  19140* | | |
| | : | |
| *And* | | |
| | : | |
| *FOUNDATIONS, INC.* | | |
| *Moorestown West Corporate Center* | : | |
| *2 Executive Drive, Suite 1* | | |
| *Moorestown, NJ 08057* | : | |
| | | |
| *And* | : | |
| | | |
| *PHILADELPHIA FEDERATION OF* | : | |
| *TEACHERS* | | |
| *1816 Chestnut Street* | : | |
| *Philadelphia, PA  19103* | | |
| *Defendant* | : | *JURY TRIAL DEMANDED* |

*COMPLAINT*

AND NOW, Plaintiff, Shahla Mazdeh, hereby files the following Complaint and avers:

A.   *JURISDICTION, VENUE AND NATURE OF ACTION*

1.      This Complaint seeks declaratory and injunction relief, back pay, front pay,

damages, costs, counsel fees and other relief.  The jurisdiction of this Court is invoked pursuant

to Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. §2000e, *et. seq.*

2.     This action is also brought pursuant to the Pennsylvania Human Relations Act, 43 P.S. §951, *et. seq.* which claims are within the Court's pendant jurisdiction.

3.     Plaintiff seeks relief from and redress for various unlawful acts and practices of employment discrimination that were committed by the defendant against her on the basis of her gender and/or national origin -- Iranian,  in violation of Title VII.

4.     Additionally, Plaintiff seeks relief and redress for various unlawful acts and practices of employment discrimination that were committed by Defendant against her on the basis of her gender and/or national origin - Iranian in violation of the Pennsylvania Human Relations Act, 43 P.S. Section 955(a).

5.     This action is properly brought in this district because Plaintiff and Defendant reside and/or have offices and conduct business here; the claims arose here; and the unlawful acts and employment practices occurred here.

6.     Plaintiff has duly complied with all jurisdictional and administrative requirements for filing suit under Title VII.  Plaintiff filed a timely charge of discrimination against the Defendants with the Equal Employment Opportunity Commission ("EEOC") and the Philadelphia Human Relations Commission.  On August 13, 2008 the EEOC issued a "Notice of Right to Sue".

B.     *PARTIES*

7.     Plaintiff, Shahla Mazdeh, is an adult individual who, at all times material hereto, resided at the above address.   Plaintiff is female of Iranian heritage and is a member of the protected class as defined under Title VII.

2

8.     Defendant, School District of Philadelphia, ("School District"), is a governmental entity organized and existing under the laws of the Commonwealth of Pennsylvania which maintains its principal offices at the above address. At all times material hereto, Defendant acted through its agents, servants, officers and employees, who were acting within the scope of their employment and authority and in the course of Defendant's business, mission and affairs.

9.     Defendant, Foundations, Inc., is an organization with a place of business located at the above address. Plaintiff believes that Defendant contracts with School District to run certain schools and to provide educational services for elementary, middle and high school students. At all times material hereto, Defendant acted through its agents, servants, officers and employees, who were acting within the scope of their employment and authority and in the course of Defendant's business, mission and affairs.

10.    Defendant, Philadelphia Federation of Teachers ("Union") is an organization with a place of business at the above address. Defendant is the recognized representative of teachers who work in the Philadelphia School District. At all times material hereto, Defendant acted through its agents, servants, officers and employees, who were acting within the scope of their employment and authority and in the course of Defendant's business, mission and affairs.

### COUNT I – VIOLATION OF TITLE VII – GENDER AND NATIONAL ORIGIN DISCRIMINATION

11.    Plaintiff was employed by Defendant School District beginning in the 2000-2001 school year as an elementary school teacher.

12.    Plaintiff was initially assigned to Tilden Middle School and worked there for approximately three years.

13.    In 2003 Plaintiff was certified to teach at the High School level and was transferred to Overbrook High School for the 2003-2004 school year.

14.    During her employment with Defendant School District, she was subjected to disciplinary actions that were discriminatory and was subjected to a hostile work environment.

15.    Plaintiff transferred to Martin Luther King High School for the 2004 – 2005 school year where she worked as a math teacher.

16.    At that time, Martin Luther King High School was run by Defendant Foundations on behalf of Defendant School District.

17.    Plaintiff is married to Asad Abrahamian who is also a school teacher.  Mr. Abrahamian began working at the Martin Luther King High School also in the 2004 – 2005 school year.

18.    Shortly after he began working at Martin Luther King High School, an incident occurred in Mr. Abrahamian's classroom involving a student that was disruptive.  When he attempted to report the problem and seek assistance, he was ignored. He tried to get in touch with Mrs. Divinny who was in charge of his floor.  However, she was not in.

19.    Mr. Abrahamian reported the problem to the school principal, Jane Adams, who he later learned was Mrs. Divinny's mother.

20.    Principal Adams did not take any action in response to Mr. Abrahamian's report.

21.    However after the incident, Mr. Abrahamian began to be subjected to a series of actions by Principal Adams and Mrs. Divinny.

22.    Mr. Abrahamian complained about these actions to Principal Adams and then to the School District Superintendent.

23.    He advised the Superintendent of the actions that had been taken against him and that he believed that he was being discriminated against.

24.    Shortly after he complained to the Superintendent, Plaintiff began to be retaliated against by Mrs. Adams and Mrs. Divinny.

25.    At the beginning of the second semester of the school year, the class list for Plaintiff's classroom and Mr. Abrahamian's classroom were switched with other teachers resulting in Plaintiff having a higher number of known problem students.   This caused a serious disruption in Plaintiff's classroom and inhibited her ability to effectively teach her class.

26.    When she complained to Principal Adams, Principal Adams brought Mrs. Divinny into the meeting who told her to accept the situation or leave.

27.    Principal Adams and others in the school administration began writing up Plaintiff for incidents for which a write up was not appropriate.

28.    Plaintiff became aware that someone had manufactured write ups on her dating back to the fall of 2004 in order to justify actions that were taken against her.

29.    Plaintiff was subjected to discipline by the School District that was not justified and, Plaintiff believes, was not consistent with how other teachers were treated.

30.    In March, 2005, Plaintiff and Mr. Abrahamian met with Mr. Paul Vallas, the CEO of the Philadelphia School District to discuss with him the ongoing pattern of harassment and discrimination that they had been subjected to.

31.    As a result of that meeting, Mr. Vallas advised that Plaintiff and Mr. Abrahamian would be transferred to another school.

5

32.     However, before that transfer could take place, they were notified that the transfer was cancelled.

33.     Plaintiff was then subjected to improper disciplinary proceedings, one held without her being present, and her employment was ultimately terminated.

34.     Plaintiff sought assistance through Defendant Union to dispute and oppose the campaign of false and improperly motivated discipline against her.  However, Defendant Union continually and deliberately failed to represent her properly in fulfillment of its responsibility as her agent.   In fact, rather that assisting Plaintiff in addressing the wrongs that she was suffering, the Union Representative advised Plaintiff to resign from her position with Defendant School District.

35.     Defendants' actions, as set forth above, were in violation of Title VII, 42 U.S.C. §2000e *et seq.*, in that said acts resulted from and/or exhibited and/or were motivated by Defendants' intent to discriminate against Plaintiff on the basis of her gender and/or national origin in that:

(a)      Plaintiff's gender and/or national origin were a determining factor in Defendants' decision to terminate Plaintiff's employment;

(b)      Plaintiff's job performance was superior to that of similarly-situated and/or less qualified employees who were not terminated by Defendant;

(c)      Plaintiff's job performance equaled or excelled Defendants' legitimate expectations;

(d)      Defendant School District/Foundations terminated Plaintiff's employment on asserted grounds which were false and pretextual and for which Defendant had no valid or legitimate basis;

(e)      Defendant School District/Foundations terminated Plaintiff on the grounds of her gender and/or national origin, notwithstanding her superior performance, excellent skills, outstanding qualifications and exemplary work record;

(f)      Defendants willfully, knowingly and/or intentionally and/or in reckless disregard of the law, applied unequal and unfair standards between Plaintiff and other employees with regard to decisions to terminate and retain employees, and the criteria and procedures that were applied thereto.  Defendant's scheme, as described above, was so blatant, contrived, nefarious and outrageous that punitive and/or liquidated damages are appropriate;

(g)      Defendant School District/Foundations willfully, knowingly and/or intentionally and/or in reckless disregard of the law fired Plaintiff, without good cause or any proper or legitimate business reasons for doing so, but rather, because of Plaintiff's gender and/or national origin and pursuant to Defendant's policy and practice of discrimination made unlawful by the law;

(h)      Defendant Union knowingly and/or intentionally and/or in reckless disregard of the law failed to properly represent Plaintiff, without good cause or any proper or legitimate business reasons for doing so, but rather, because of Plaintiff's gender and/or national origin and pursuant to Defendant's policy and practice of discrimination made unlawful by the law;

7

(i)    Defendants treated Plaintiff differently and less favorably than it treated similarly situated and/or less qualified employees, on the basis of Plaintiff's gender and/or national origin;

(I)    Defendant School District/Foundations fired Plaintiff for no valid stated reason;

(j)    Plaintiff enjoyed excellent working relationships with her co-workers, and she had no problems or difficulty relating to other employees;

36.    Defendants' acts of discrimination against Plaintiff, as set forth above, were willful and intentional, and were the result of an intentional and deliberate decision by Defendants to violate and/or disregard the prohibitions of Title VII and/or were in reckless disregard of the prohibitions of Title VII, thereby entitling Plaintiff to an award of "punitive" damages.

37.    As a proximate result of Defendants' said acts of race discrimination, Plaintiff has suffered a loss of salary, bonuses and employment benefits, as well as other damages.

*COUNT I – VIOLATION OF TITLE VII – RETALIATION*

38.    Plaintiff hereby incorporates paragraphs 1 through 37 above by reference as if same were set forth in their entirety hereat.

39.    Plaintiff avers that in addition to Defendants' intentional discrimination against her based on her gender and/or national origin, Defendants' retaliated against her based on her Husband's complaint of discrimination as set forth above.

*COUNT III - PENNSYLVANIA HUMAN RELATIONS ACT*

40.    Plaintiff hereby incorporates paragraphs 1 through 39 above by reference as if same were set forth in their entirety hereat.

41.     Defendants' conduct in discriminating against Plaintiff and terminating her employment on the basis of her gender and/or national origin, as set forth above, constitutes a violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. Section 951, *et. seq.*

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendants, and that an appropriate Order be entered:

(a)     declaring that Defendants' policies and practices were unlawful under Title VII, and enjoining Defendants and their agents, officers, successors, employees and those acting in concert with them, from engaging in acts, policies, and practices of gender/national origin discrimination that are in violation of 42 U.S.C. 2000e, *et seq.*.

(b)     declaring that Defendants' policies and practices were unlawful under the PHRA and enjoining Defendant and its agents, officers, successors, employees and those acting in concert with them, from engaging in acts, policies, and practices of gender/national origin discrimination that are in violation of 43 P.S. Section 951 et. seq.

(c)     Providing an award to Plaintiff of monetary relief, including lost earnings, back pay, front pay, lost bonuses and the monetary value of the employment benefits, together with interest, including, but not limited to, the value of salary and bonuses, pension benefits, retirement benefits, medical benefits, life insurance, stock options and other fringe benefits of employment which Plaintiff has lost, continues to lose, and will lose in the future as a result of Defendants' acts of gender/national origin discrimination against her, in an amount in excess of $100,000.00.

(d)     providing an award to Plaintiff of compensatory damages in amount in excess of $100,000.00;

9

(e)      providing an award to Plaintiff of "punitive" damages;

(f)      compelling Defendant, School District, to reinstate Plaintiff to its employ or, in the alternative, awarding front pay to Plaintiff;

(g)      providing an award to Plaintiff of the costs and expenses of litigation, including a reasonable attorney's fee; and

(h)      providing to Plaintiff such other and further relief as the Court deems necessary and appropriate.

## COUNT IV - BREACH OF DUTY OF FAIR REPRESENTATION - *Mazdeh v. Philadelphia Federation of Teachers*

42.      Plaintiff hereby incorporates paragraphs 1 through 41 above by reference as if same were set forth in their entirety hereat.

43.      At all times relevant hereto, Plaintiff was a member of the Union and was and is entitled to be represented throughout any disciplinary actions taken against her.

44.      Defendant has failed to properly represent Plaintiff throughout the disciplinary actions that were taken against her despite its obligation to do so.

WHEREFORE, Plaintiff, demands that judgment be entered in her favor:

a.      enter an Order requiring the Defendant Union to represent Plaintiff as required and to pursue all actions on Plaintiff's behalf;

b.      awarding attorneys fees and costs;

c.      awarding other such relief as the Court deems appropriate and just.

Respectfully submitted,

By:  Shahla Mazdeh, Plaintiff

Date: November 9, 2008

## DEMAND FOR JURY TRIAL

A jury consisting of a panel of at least twelve (12) members is hereby DEMANDED.

Respectfully submitted,

By:  Shahla Mazdeh

11