IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAHLA MAZDEH, *PRO SE,* | : | |
| **Plaintiff,** | : | **Civil Action: 08-5349 (RK)** |
| | : | |
| **v.** | : | **Jury Trial Demanded** |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA, | : | |
| PHILADELPHIA FEDERATION OF | : | |
| TEACHERS and FOUNDATIONS, INC.,: | | |
| **Defendants** | : | |

## DEFENDANTS' JOINT MOTION
## TO ENFORCE SETTLEMENT AGREEMENTS

Defendants, The School District of Philadelphia (the "School District"),

Philadelphia Federation of Teachers (the "PFT") and Foundations, Inc. (the

"Foundations") hereby move the Court for an order enforcing the Settlement

Agreements and General Releases of Claims negotiated by the parties and directing

Shahla Mazdeh and her husband Asad Abrahamian to execute the agreements. In

support of this Motion, Defendants aver as follows:

### Background

1.      On or about November 10, 2008, Plaintiff Shahla Mazdeh commenced this

action by filing a Complaint as a *pro se* plaintiff. She alleges in her Complaint that the

Defendants discriminated against her based on her gender and/or national origin (Iranian) in

violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. *Exhibit 1, Shahla Mazdeh Complaint.*

2.    Defendant PFT is the collective bargaining representative for the teachers employed by the School District at the high school at which Mrs. Mazdeh was assigned to teach. Defendant Foundations contracted with the School District to provide day-to-day management and operation services for certain schools within the School District including the high school at which Mrs. Mazdeh was assigned.

3.    On or about June 14, 2005, Mrs. Mazdeh's husband Asad Abrahamian filed an administrative agency complaint of discrimination based on his national origin (Iranian) with the Philadelphia Commission on Human Relations (the "PCHR") against the School District.  The detailed PCHR Statement of Particulars, which was dual filed with the Equal Employment Opportunity Commission, includes allegations concerning PFT Staff Representative Maxine Stutman and administrators employed by  Foundations to manage the day-to-day operations of the School District high school at which Mr. Abrahamian was assigned.  On August 27, 2008, the PCHR dismissed Mr. Abrahamian's complaint stating his claims were "unsubstantiated." *Exhibit 2, Abrahamian PCHR Charge and Statement of Particulars.*

4.      The allegations against the School District's and Foundations' employees and the PFT representatives set forth in Mrs. Mazdeh's Complaint are similar to the allegations made by Mr. Abrahamian against the same individuals in his PCHR charge of discrimination. *Compare Exhibits 1 and 2.*

5.      Although Mrs. Mazdeh filed the Complaint *pro se*, the Complaint was served on each Defendant through the office of Ms. Mazdeh's "personal counsel" L. Theodore Hoppe, Jr., Esquire.  A letter from Mr. Hoppe to each Defendant was served together with the Complaint.  Mr. Hoppe copied Mrs. Mazdeh on his letters.  *Exhibit 1, Complaint with Hoppe December 8, 2008  Cover Letters.*

6.      In connection with pretrial discovery, Mrs. Mazdeh provided Foundations' counsel, Thomas J. Bradley, Esquire, with, among other things, her cell phone number, (610) 357-8479 and email address, smaz184@yahoo.com.

7.      By email dated January 6, 2009 to Ms. Wapner, Mr. Hoppe advised that he was following up on their December 24, 2008 discussion regarding settlement and advised that he hoped to have Mrs. Mazdeh's proposal by the weekend.  Mr. Hoppe copied Mrs. Mazdeh by email at smaz184@yahoo.com.  *Exhibit 3, Hoppe January 6, 2009 email to Wapner.*

8.      By letter dated January 22, 2009, Mr. Hoppe provided Ms. Mazdeh's proposed settlement terms to Ms. Wapner.  The letter is copied to Mrs. Mazdeh.  *Exhibit 4, Hoppe January 22, 2009 letter.*

9.      Counsel to the PFT and Foundations authorized Ms. Wapner to act as liaison on behalf of their respective clients in settlement negotiations.

10.     On or about April 6, 2009, Mr. Hoppe forwarded Mrs. Mazdeh's revised settlement proposal to Ms. Wapner.  The proposal included an economic demand in the amount of $28,812.91  *Exhibit 5 , Hoppe April 6, 2009 letter.*

11.     On April 8, 2009, Ms. Wapner notified counsel to the PFT and Foundations of the amount of Mrs. Mazdeh's economic demand, sought contributions to the settlement proceeds from their respective clients, and inquired whether they would agree to a settlement that included the resolution of the claims of Mr. Abrahamian.

12.     Defendants determined at this time that because of the obvious relationship and similarity between the allegations set forth in Mr. Abrahamian's PCHR action and the allegations set forth in Mrs. Mazdeh's Complaint against all Defendants, any settlement with Mrs. Mazdeh also must include an agreement from Mr. Abrahamian that he forego any claims he may have against any of the Defendants.

13.     On or about April 17, 2009, Ms. Wapner communicated to Mr. Hoppe the Defendants' decision that any settlement with Mrs. Mazdeh also must include an agreement by Mr. Abrahamian to forego any claims he has against the School District, the PFT and Foundations.

14.     In her written and oral communications with Mr. Hoppe, Ms. Wapner stated that the settlement with Mrs. Mazdeh and Mr. Abrahamian had to include the withdrawal

of all complaints and/or charges either of them had against the School District, the PFT and Foundations.

15. By email dated April 20, 2009, Mr. Hoppe advised Ms. Wapner that Mr. Abrahamian was requesting $3,000.00 and a satisfactory rating for the 2004-2005 school year to settle his claims. Attached to the email were copies of documents supporting Mrs. Mazdeh's economic demand. *Exhibit 6, Hoppe April 20, 2009 email.*

16. Ms. Wapner communicated Mrs. Mazdeh's and Mr. Abrahamian's settlement demands to attorneys Ms. Martin and Mr. Bradley.

17. Counsel for the PFT advised Ms. Wapner that the Federation would contribute $3,000.00 to the settlement proceeds; counsel to Foundations advised her that Foundations would contribute $5,000.00 to the settlement proceeds.

18. On or about April 20, 2009, Ms. Wapner communicated to Mr. Hoppe that the Defendants would pay to Mrs. Mazdeh $25,000.00 and to Mr. Abrahamian $3,000.00. She also discussed with him Mrs. Mazdeh's and Mr. Abrahamian's non-economic demands.

19. By subsequent email that same date, Ms. Wapner followed up her earlier discussion with Mr. Hoppe by forwarding to him documents addressing Mrs. Mazdeh's demand for back wages. *Exhibit 7, at p. 4, April 20, 2009 email from Wapner to Hoppe.*

20. By email dated April 21, 2009, at 9:16 a.m., Mr. Hoppe advised Ms. Wapner that he had spoken to Mrs. Mazdeh and Mr. Abrahamian about the information she had provided on April 20, 2009 and he communicated a list of their proposals "to resolve the outstanding issues." *Id, at p. 3.*

21.     Significantly, no. 8 on the list provided by Mr. Hoppe states that

> Both Mr. Abrahamian and Mrs. Mazdeh will sign a General
> Release releasing all claims that they may have against the School
> District, the PFT and Foundations, Inc.

*Id.*

22.     Mr. Hoppe sent a copy of this email to Mrs. Mazdeh at

smaz184@yahoo.com.  *Id.*

23.     On this same date, at 1:38 p.m., Ms. Wapner emailed to Mr. Hoppe the

Defendants' response to Mrs. Mazdeh's and Mr. Abrahamian's proposals.  The email included

the following unambiguous statements:

> In addition to the general release language, I am assuming your
> clients are familiar with the standard terms (a) stating the
> settlement is a 'no-fault' settlement (e.g., in compromise of claims
> for the purposes of avoiding the expense of litigation and does not
> constitute an admission of any allegations made by the releasing
> parties...); (b) non-disclosure except to their legal counsel, tax
> advisor if any, or pursuant to legal process; (c) they both will act
> promptly to obtain the withdrawal of their claims against any and
> all of the defendants (including the withdrawal or dismissal with
> prejudice of the federal lawsuit by Ms. Mazdeh; the withdrawal of
> her appeal to the DOE; and, the withdrawal or dismissal with
> prejudice of any administrative agency claim Mr. Abrahamian
> might have pending); (d) agreement they will never apply for
> employment with any of the defendants; (e) written request
> addressed to Employee Records within the District's Human
> Resources Department; (f) whatever other, similar 'standard-type'
> terms Foundations and/or the PFT includes in their standard
> settlement agreements.

*Id., at pp. 1, 2.*

24.     At 8:44 p.m. that same day,  Mr. Hoppe emailed Ms. Wapner as follows:

I spoke with both Mr. Abrahamian and Mrs. Mazdeh and I have
their consent to tell you that they are accepting the settlement.

In this same email, Mr. Hoppe addressed certain details regarding the non-economic terms of the

agreement. *Id, p.1, at 8:44 p.m.*

25.     Mr. Hoppe forwarded a copy of this email to Mrs. Mazdeh at

smaz184@yahoo.com. *Id., p. 1.*

26.     On April 22, 2009, a telephone conference was held with the Court in

which Mr. Hoppe participated.  The parties advised the Court that they had reached a settlement

and requested discovery be held in abeyance to allow the parties sufficient time to draft and

execute a settlement agreement.

27.     On this same date, Ms. Wapner forwarded a proposed Revised Scheduling

Order to the Court.

28.     By email dated April 23, 2009 to Mr. Hoppe, Ms. Wapner confirmed that

the School District had not informed the Department of Education that the School Reform

Commission terminated Mrs. Mazdeh's employment and attached to this email a copy of Mrs.

Mazdeh's official Teacher Certification Record demonstrating that her teaching license remained

active. *Exhibit 8, Wapner April 23, 2009 email.*

29.    In that same email, Ms. Wapner advised Mr. Hoppe that: "Based on these facts, the withdrawal of the appeal petition [to the Department of Education challenging her dismissal] by Ms. Mazdeh in conjunction with the settlement worked out between Ms. Mazdeh and her husband, the District, the Federation and Foundations, appears to be the best route." *Id.*

30.    On April 24, 2009, the Court entered a Revised Scheduling Order suspending discovery for 45 days and directing counsel for the School District to submit a status report to the Court on or before June 5, 2009.  *Exhibit 9, Court's April 24, 2009 Order.*

## **Memorializing the Settlement**

31.    By email dated April 27, 2009 to Ms. Wapner, Mr. Hoppe inquired as to when he would receive a draft of the settlement agreement. *Exhibit 10, Hoppe April 27, 2009 emails to Wapner.*

32.    By email dated May 6, 2009, Ms. Wapner advised Mr. Hoppe that she had sent a draft of the settlement agreements and general releases to Ms. Martin and Mr. Bradley for their review and expected to provide the agreements to him shortly.  *Exhibit 11, Wapner May 6, 2009 email.*

33.     By emails dated May 12, 2009, Ms. Wapner forwarded to Mr. Hoppe a  Settlement

Agreement and General Release of Claims for Ms. Mazdeh and a Settlement Agreement and

General Release of Claims for Mr. Abrahamian. *Exhibits 12 and 13 respectively.*

34.     By email dated May 29, 2009 to Mr. Hoppe, Ms. Wapner inquired as to the status

of comments on the settlement agreements and releases.  *Exhibit 14, at p. 2,  Wapner May 29,*

*2009 email.*

35.     By email dated June 2, 2009 to Mr. Hoppe, Ms. Wapner reminded Mr. Hoppe that

a  report was due to the Court on June 5, 2009 and inquired whether he would be forwarding the

signed settlement agreements by that date.  *Id., pp. 1, 2.*

36.     On this same date, Mr. Hoppe responded that he was speaking with Mrs. Mazdeh

and Mr. Abrahamian and would have a response to Ms. Wapner the following day.  *Id., p. 1.*

### *Mrs. Mazdeh's and Mr. Abrahamian's Attempt to Refute the Respective Settlements*

37.     By email dated June 4, 2009 to Ms. Wapner, Mr. Hoppe advised: "I am no longer

representing Mrs. Mazdeh and Mr. Abrahamian in any capacity.  It is my understanding that they

have sent letters to yourself and to the Department of Education concerning the settlement." Mr.

Hoppe copied Mrs. Mazdeh on this email at smaz184@yahoo.com.  *Exhibit 15, Hoppe June 4, 2009 email.*

38.     By letter dated June 5, 2009, addressed to Ms. Wapner with copies to all defense counsel, to Mrs. Mazdeh and Mr. Abrahamian, Mr. Hoppe formally advised all parties that he no longer represented Mrs. Mazdeh and Mr. Abrahamian in any capacity. *Exhibit 16, Hoppe June 5, 2009 letter.*

39.     Unbeknown to defense counsel, Mrs. Mazdeh wrote to The Honorable Robert F. Kelly on June 2, 2009, stating that she could not reach an amicable settlement with the Defendants and requesting that the Court activate the case.   Mrs. Mazdeh did not send a copy of her letter to Defendants' counsel.  On June 8, 2009, the Court forwarded a copy of Mrs. Mazdeh's letter to all counsel. *Exhibit 17, Mazdeh June 2, 2009 letter.*

40.     In her June 2, 2009 letter to the Court, Mrs. Mazdeh confirmed that "so far Mr. Theodore Hoppe has served as my council [sic]," while also advising the Court she now was seeking new counsel. *Id.*

### Motion to Enforce the Settlements

41.    Throughout the period of the settlement negotiations relevant to this Motion, including through to agreement, Mr. Hoppe possessed express authority to act on behalf of Mrs. Mazdeh and Mr. Abrahamian as their legal representative.

42.    Mrs. Mazdeh's assertion to the Court on June 2nd that the parties did not reach an amicable settlement agreement is incorrect.

43.    The above-stated transactions, conduct and written communications unequivocally demonstrate that the parties reached settlement on all material terms of Mrs. Mazdeh's and Mr. Abrahamian's claims.

44.    Mr. Hoppe's April 21, 2009, 8:44 p.m. email states that he possessed the authority from his clients to accept the settlement terms as they were stated in the preceding emails of that same date.

45.    The sequence of emails on April 21, 2009, which preceded Mr. Hoppe's  8:44 o'clock p.m. acceptance of the settlement terms on behalf of his two clients, includes within the 1:38 o'clock p.m. recitation of conditions that neither Mrs. Mazdeh nor Mr. Abrahamian would apply for employment with any of the Defendants in the future.

46.    All of the several April 21, 2009 emails between Mr. Hoppe and Ms. Wapner are set forth in one running, sequential email document which reflects a copy to Mrs. Mazdeh at smaz184@yahoo.com

47.    Mr. Hoppe's prior emails to Ms. Wapner also demonstrate that he consistently kept Mrs. Mazdeh and Mr. Abrahamian informed of the status and details of the negotiations.

48.        Mr. Hoppe confirmed to the Court during the April 22, 2009, telephone conference that the parties had reached a settlement and needed only to memorialize those terms in an agreement.

49.        Mr. Hoppe's April 27, 2009, email inquiring when he would receive a settlement agreement demonstrates that he and his clients understood that they had reached a settlement with the Defendants.

50.        Neither Mrs. Mazdeh nor Mr. Abrahamian contacted the Defendants before or after Mr. Hoppe's April 21, 2009, settlement acceptance email in order to disavow Mr. Hoppe's representation of them in the settlement negotiations or to refute his authority to accept the settlement terms on their behalf.

51.    Mrs. Mazdeh's June 2, 2009, letter to the Court expressly acknowledges that Mr. Hoppe had been her legal counsel during the period of time relevant to this Motion.

52.    Mr. Hoppe was expressly authorized by Mrs. Mazdeh and Mr. Abrahamian to represent them both in settlement negotiations with the Defendants and to accept the settlement terms on their behalf and as reflected in the settlement documents *Exhibits 11 and 12*.

53.    Defendants negotiated and agreed to settle Mrs. Mazdeh's lawsuit and Mr. Abrahamian's claims in good faith.

54.    For these reasons, the Court should grant Defendants' Joint Motion to Enforce the Settlement Agreements and General Releases of Claims.

WHEREFORE, Defendants School District of Philadelphia, Philadelphia Federation of Teachers and Foundations, Inc. respectfully request the Court to:

a)    grant this Motion to Enforce Settlement Agreements and General Release of

Claims and enforce both Agreements in their entirety as each Agreement

accurately represents the agreements reached between the parties on April 21, 2009;

b)    direct Shalah Mazdeh and Asad Abrahamian to sign their respective Settlement

Agreement and General Release of Claims;

c)    dismiss Shalah Mazdeh's Complaint in its entirety with prejudice; and ,

d)    award Defendants the attorneys' fees and costs incurred in filing and pursuing this

Motion.

Respectfully submitted:

ON BEHALF OF:                          ON BEHALF OF:
THE SCHOOL DISTRICT                    PHILADELPHIA FEDERATION OF
OF PHILADELPHIA                        TEACHERS


    /s/  Andrea B. Wapner                   /s/   Linda M. Martin
ANDREA B. WAPNER, ESQUIRE              LINDA M. MARTIN, ESQUIRE
Pa. Attorney I.D. No. 21786            Pa. Attorney I.D. No. 66437
440 N. Broad Street, Suite 313         WILLIG, WILLIAMS & DAVIDSON
Philadelphia, PA 19130                 1845 Walnut Street, 24th Floor
Office (215) 400-6923                  Philadelphia, PA 19103
                                       Office (215) 656-3665


ON BEHALF OF:
FOUNDATIONS, INC.

    /s/   Thomas J. Bradley
THOMAS J. BRADLEY, ESQUIRE
Pa. Attorney I.D. No.  33467
McBREEN & KOPKO
1600 Market Street, Suite 1805
Philadelphia, PA 19103
Office (215) 864-2600

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAHLA MAZDEH, *PRO SE*,** | : | |
| **Plaintiff,** | : | **Civil Action: 08-5349 (RK)** |
| | : | |
| **v.** | : | **Jury Trial Demanded** |
| | : | |
| **SCHOOL DISTRICT OF PHILADELPHIA,** | : | |
| **PHILADELPHIA FEDERATION OF** | : | |
| **TEACHERS and FOUNDATIONS, INC.,:** | | |
| **Defendants** | : | |

---

## VERIFIED STATEMENT OF ANDREA B. WAPNER, Esquire

I, Andrea B. Wapner, Esquire, hereby verify and state that the statements that I have

given herein are true and correct to the best of my knowledge, information and belief. I

understand that my statements are subject to penalty under 18 Pa.C.S.A. § 4904,

relating to unsworn falsifications to authorities.

ANDREA B. WAPNER, Esquire

Dated: July 2, 2009

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHAHLA MAZDEH,** *PRO SE,* : | |
| **Plaintiff,** : | **Civil Action: 08-5349 (RK)** |
| : | |
| **v.** : | **Jury Trial Demanded** |
| : | |
| **SCHOOL DISTRICT OF PHILADELPHIA,** : | |
| **PHILADELPHIA FEDERATION OF** : | |
| **TEACHERS and FOUNDATION, INC.,** : | |
| **Defendants** : | |

## VERIFIED STATEMENT OF LINDA M. MARTIN, ESQUIRE

I, Linda M. Martin, Esquire, hereby verify and state that the statements that I
have given herein are true and correct to the best of my knowledge, information and
belief.  I understand that my statements are subject to penalty under 18 Pa.C.S.A. §
4904, relating to unsworn falsification to authorities.

LINDA M. MARTIN, ESQUIRE

Dated: July 2, 2009

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAHLA MAZDEH, PRO SE | : | |
| Plaintiff | : | CIVIL ACTION |
| v. | : | |
| SCHOOL DISTRICT OF PHILADELPHIA and FOUNDATIONS, INC. and PHILADELPHIA FEDERATION OF TEACHERS | : | NO.  08-5349 (RK) |
| Defendants | : | JURY TRIAL DEMANDED |

### VERIFIED STATEMENT OF THOMAS J. BRADLEY, ESQUIRE

I, Thomas J. Bradley, Esquire, hereby verify and state that the statements that I have given herein are true and correct to the best of my knowledge, information and belief. I understand that my statements are subject to penalty under 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

McBREEN & KOPKO

By: _____
Thomas J. Bradley, Esquire
Attorney for Defendant,
Foundations, Inc.

Dated: July 9, 2009